## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Margaret Marsh,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.:** |
| vs. ) | **1:09-CV-3104** |
| ) | |
| **Baudino Law Group, PLC and** ) | **JURY TRIAL DEMANDED** |
| **Kenneth B. Hodges, III,** ) | |
| ) | |
| **Defendants.** ) | |

### AMENDED COMPLAINT

COMES NOW Margaret Marsh (hereinafter sometimes "Plaintiff"), and files this lawsuit against Defendants Baudino Law Group, PLC (hereinafter sometimes "BLG") and Kenneth B. Hodges, III (hereinafter sometimes "Hodges"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory and injunctive relief, liquidated and actual

1

damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") during the period of Marsh's employment with Defendants, December 1, 2007 until May 21, 2009.

3.

The allegations of this Amended Complainant are hereby substituted for those of Plaintiff's original Complaint, filed November 5, 2009.

## II. Jurisdiction and Venue

4.

Defendants are subject to the jurisdiction of this Court pursuant to 8 U.S.C. §§ 1331, 1337, 1367, and 29 U.S.C. § 216(b).

5.

Defendant BLG is a foreign corporation doing business in the State of Georgia, and the unlawful practices described herein occurred at 400 Colony Square, Suite 2020, 1201 Peachtree Street NE, Atlanta, GA  30361. Defendant Hodges is a resident of this judicial district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

### III. Parties and Facts

6.

Plaintiff is a resident of the State of Georgia.

7.

Defendant BLG is a private, multi-state law practice with offices located in Atlanta, GA; Albany, GA; and Des Moines, IA. Defendant BLG's annual gross volume of revenues is not less than $500,000. Defendant BLG is therefore an "employer" and an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203 and is governed by and subject to 29 U.S.C. § 204 and § 207.

8.

Defendant Hodges is the Managing Partner of BLG's Atlanta office. As Managing Partner, Defendants Hodges controlled the day to day operations of said office.

9.

Defendant BLG employed Plaintiff as a legal assistant from December 1, 2007 to May 21, 2009.

10.

Throughout her tenure of employment, Plaintiff performed her duties at

Defendant BLG's Atlanta office located at 400 Colony Square, Suite 2020, 1201 Peachtree Street NE, Atlanta, GA 30361.

11.

Throughout her tenure of employment, Plaintiff's job duties included typing, answering the phone, scheduling appointments, and similar tasks. This work was non-exempt and subject to the requirements of 29 U.S.C. § 207(a).

12.

Throughout her tenure of employment, Defendant BLG paid Plaintiff an hourly wage based on $57,000 per year.

13.

Throughout her tenure of employment, Plaintiff regularly worked under the personal supervision of Defendant Hodge and/ or other persons having supervisory authority at BLG's Atlanta office.

14.

Throughout her tenure of employment, Plaintiff regularly worked in close physical proximity with Defendant BLG's attorneys and staff.

15.

Throughout the period of her employment with Defendant BLG, Plaintiff

frequently worked more than 40 hours per week. Many of these additional hours occurred while Plaintiff worked through lunch and on weekends. Defendant BLG's management, attorneys, and/ or staff observed Plaintiff performing some or all of said additional work. Specifically BLG management required Plaintiff to shop for supplies for the office on Saturdays on almost a monthly basis and was not compensated for that time.

Further, when Plaintiff worked in excess of 40 hours per week BLG management instructed her to only record 40 hours on her time sheet. The overtime worked occurred in nearly every workweek that Plaintiff worked at Defendants.

16.

During her tenure of employment with Defendant BLG, Plaintiff performed a total of approximately 500 hours of overtime work for which Defendants never compensated her. These hours were worked in the evenings, at home, on weekends and during unpaid lunches. Plaintiff complained of not being paid overtime, and in response Amy McCullough, Esq. issued an office memorandum that in fact Plaintiff was entitled to overtime pay. Yet such pay was not forthcoming.

## Count I: Violation of the Fair Labor Standards Act

17.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Amended Complaint.

18.

Defendants have violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime wages for the time that Plaintiff worked in excess of forty (40) hours in a workweek.

19.

On each and every occasion that Plaintiff worked more than forty (40) hours in a given week, Defendant BLG had actual or constructive knowledge that Plaintiff worked said additional hours over forty.

20.

On several occasions that Plaintiff worked more than forty (40) hours in a given week, Defendant Hodges had actual or constructive knowledge that Plaintiff worked said additional hours over forty.

21.

Pursuant to 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover her

overtime wage differential, liquidated damages in an equal amount, attorney's fees, and the costs of this litigation.

22.

Throughout the period of Plaintiff's employment with Defendants, they knowingly, intentionally, and willfully violated the FLSA by failing to pay Plaintiff the overtime compensation to which she was entitled.

23.

Defendants "knew or showed reckless disregard" that their conduct violated overtime laws under FLSA.

24.

Defendants failed to act in good faith and had no reasonable grounds for believing they were not violating the FLSA.

### Jury Demand

Plaintiff demands a jury trial on her claim.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

a.  Require Defendants to pay Plaintiff damages for unpaid overtime compensation calculated at one and one-half times the proper normal rate that

Plaintiff would have received but for unlawful conduct during the period of Plaintiff's employment.

      **b.**    Require Defendants to pay Plaintiff liquidated damages as provided for under the FLSA;

      **c.**    Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

      **d.**    Award Plaintiff her reasonable attorney's fees and costs and expenses of suit arising from Defendants' violations under the FLSA;

      **e.**    Provide such other and further relief as the Court may deem just and proper.

      Respectfully submitted this 25th day of January, 2010.

      s/ Jack Rosenberg
Jack Rosenberg
Georgia Bar No. 614475
Suite W405
1117 Perimeter Center West
Atlanta, GA 30338
Telephone: (678) 736-5746
Facsimile: (678) 736-5199

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Margaret Marsh,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.:** |
| vs. ) | **1:09-CV-3104** |
| ) | |
| **Baudino Law Group, PLC and** ) | |
| **Kenneth B. Hodges, III,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2010, I electronically filed the foregoing *Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Amy J. McCullough
Denise Cleveland-Leggett
Karin A. Middleton

s/ Jack Rosenberg
